23-457-bk
In re Zarour

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-four.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges*.

-----------------------------------------------------------------

IN RE: SIMON ZAROUR,

*Debtor*.

-----------------------------------------------------------------

SIMON ZAROUR,

*Debtor-Plaintiff-Appellant*,

v.                                                    No. 23-457-bk

JP MORGAN CHASE BANK,

*Defendant-Appellee*.

-----------------------------------------------------------------

FOR APPELLANT: SIMON ZAROUR, *pro se*, Spring Valley, NY

FOR APPELLEE: BRIAN PETER SCIBETTA, McCalla Raymer Leibert Pierce, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Debtor-Plaintiff-Appellant Simon Zarour appeals from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*), affirming a May 18, 2022 order of the United States Bankruptcy Court for the Southern District of New York (Drain, *B.J.*). The Bankruptcy Court dismissed Zarour's adversary complaint against Defendant-Appellee JP Morgan Chase Bank ("Chase") alleging fraud in connection with a foreclosure on a New Jersey property. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual

findings and legal conclusions of the bankruptcy court." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (quotation marks omitted); *see In re Maxwell Commc'n Corp.*, 93 F.3d 1036, 1044 (2d Cir. 1996).

Zarour principally argues that the Bankruptcy Court erred in dismissing his adversary complaint on res judicata grounds because his claims that Chase submitted fraudulent documents to the Bankruptcy Court were independent of the claims he asserted in a different proceeding before the Chancery and Appellate Divisions of the New Jersey Superior Court (the underlying foreclosure action). He also argues that the District Court erred in dismissing his claims on *Rooker-Feldman* grounds. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Because res judicata provides an independent basis for affirmance, we need not resolve whether *Rooker-Feldman* is also a proper basis. *See Butcher v. Wendt*, 975 F.3d 236, 242 (2d Cir. 2020) ("[W]e may assume hypothetical jurisdiction where the jurisdictional issue is statutory in nature."); *accord In re Fogarty*, 39 F.4th 62, 70 n.11 (2d Cir. 2022).

A federal court applying the doctrine of res judicata to determine whether an earlier state court judgment bars a subsequent action applies the law of the

3

State that rendered the judgment.  *See AmBase Corp. v. City Investing Co.*

*Liquidating Tr.*, 326 F.3d 63, 72 (2d Cir. 2003).  Under New Jersey law, which

applies here, res judicata has three elements:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*McNeil v. Legis. Apportionment Comm'n of State*, 177 N.J. 364, 828 A.2d 840, 859

(2003) (quotation marks omitted).

We conclude that the first two elements are satisfied based on the record

before us.  We consider the third element in light of New Jersey's "entire

controversy" doctrine, which "embodies the principle that the adjudication of a

legal controversy should occur in one litigation in only one court; accordingly, all

parties involved in a litigation should at the very least present in that proceeding

all of their claims and defenses that are related to the underlying controversy."

*Highland Lakes Country Club & Cmty. Ass'n v. Nicastro*, 201 N.J. 123, 988 A.2d 90,

91 (2009) (quotation marks omitted); *see also McNeil*, 828 A.2d at 858–59.

Here, all of Zarour's claims grew out of the same underlying foreclosure

action.  Ultimately, Zarour seeks to "vacate the foreclosure sale" and final

judgment, and "void" the mortgage.  App'x 30, 43.  Zarour nevertheless argues

4

that his claims before the Bankruptcy Court are not foreclosed because they arise under legal theories that differ from those he advanced in the New Jersey state courts. Zarour also argues that he could not have litigated his fraud claims in the foreclosure action because he did not discover the fraud until 2019.

We are not persuaded. In entering and affirming the foreclosure judgment, the New Jersey state courts independently examined the documents (the mortgage and adjustable rate note) Zarour alleges are fraudulent, found that they were valid, that Zarour defaulted on his obligations under the mortgage and note, and that Chase therefore had the right to foreclose.[1] Zarour could have contested the mortgage and note before the state courts then, but he may not do so now. *See Adelman v. BSI Fin. Servs., Inc.*, 179 A.3d 431, 435–37 (N.J. App. Div. 2018). Thus, "any putative differences between the causes of action would not overcome the bar of [res judicata]." *Culver v. Ins. Co. of N. Am.*, 115 N.J. 451, 559 A.2d 400, 406 (1989); *see also Applestein v. United Bd. & Carton Corp.*, 35 N.J. 343, 173 A.2d 225, 231–32 (1961).

---

[1] We are also not persuaded by Zarour's claim that Chase presented a fraudulent mortgage and/or note to the Bankruptcy Court in order to lift the stay, but presented authentic versions of those documents to the New Jersey state courts in the foreclosure action. Lifting the stay served only to allow the foreclosure action to proceed, at which point the state courts independently examined the relevant documents.

Finally, the Bankruptcy Court did not err in denying Zarour leave to amend his complaint. Because Zarour's claims are barred by res judicata, they cannot be revived merely by repleading. *See Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (noting that the district court did not err in denying plaintiff leave to amend because the claims in his original *pro se* complaint were barred by res judicata and the new claim in his proposed amendment was conclusory). Under these circumstances, the Bankruptcy Court did not err in denying leave to amend.

We have considered Zarour's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court